**FILED**

**May 20, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 12:04 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| **Elizabeth Otey** | ) | **Docket No.: 2015-02-0490** |
| **Employee,** | ) | |
| **v.** | ) | **State File Number: 100303-2014** |
| **Sears Holding Corporation** | ) | |
| **Employer.** | ) | **Judge Brian K. Addington** |

## EXPEDITED HEARING ORDER FOR
## MEDICAL BENEFITS

This matter came before the undersigned Workers' Compensation Judge on May 13, 2016, on the Request for Expedited Hearing filed by Elizabeth Otey pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of the case is Ms. Otey's entitlement to medical benefits from her authorized treating physician, Dr. Morgan Lorio. For the reasons set forth below, the Court finds Ms. Otey is entitled to medical benefits under the Workers' Compensation Law.

### History of Claim

Ms. Otey is a forty-seven-year-old resident of Washington County, Tennessee. (T.R. 1 at 1.) She suffered a compensable low back injury while unloading a truck at Kmart[1] on December 17, 2014.[2] Sears has provided medical and temporary disability benefits.

Ms. Otey came under the care of the providers at Neuro-Spine Solutions on January 30, 2015. (Ex. 4 at 3.) Dr. John Testerman noted Ms. Otey suffered a collapse of the C5-C6 disc space. *Id.* According to Ms. Otey's testimony, Dr. Testerman referred her to Dr. Lorio, his partner.

Dr. Lorio examined Ms. Otey on April 2, 2015, and following the examination,

---

[1] Sears Holding Corporation owns Kmart.

[2] The parties did not list compensability as an issue on the Dispute Certification Notice.

1

recommended a corpectomy at C6 with an anterior fusion at C5-C7. (Ex. 2 at 1.)

On April 30, 2015, Dr. Lorio re-examined Ms. Otey and noted she underwent an epidural without much benefit. (Ex. 3.) He presented Ms. Otey with options of surgery or another epidural. *Id.*

Though no documentation of the review was placed into evidence, the parties mentioned Dr. Lorio's recommendation went through Utilization Review.

However, in response to a letter from Ms. Otey's attorney dated March 14, 2016, Dr. Lorio confirmed his recommendation of surgery. (Ex. 4 at 2.)

During presentation of evidence, the parties mentioned Dr. Lorio's examination of Ms. Otey on April 25, 2016. No record of that examination was introduced into evidence, but Ms. Otey testified she saw Dr. Lorio that day, and he preferred to wait until receipt of a report from Dr. Richard Salamone, Ph.D. before making further recommendations.

On April 26, 2016, Ms. Otey underwent a psychological evaluation with Dr. Salamone. He opined that she was a "most reasonable surgical candidate from a psychosocial perspective." (Ex. 5 at 5.)

*Ms. Otey's arguments at the Expedited Hearing*

Ms. Otey requested the surgery previously recommended by Dr. Lorio. Ms. Otey asserted that, if Dr. Lorio again recommends surgery, she wanted to proceed. Her primary dispute with Sears concerned the delay and interference with Dr. Lorio's surgical recommendation.

*Sears' arguments at the Expedited Hearing*

Sears asserted that the issue of surgery is not ripe for adjudication. Dr. Lorio had not opined on surgery following the psychological evaluation. Although it does not disagree with Ms. Otey's assertions, Sears argued the Court cannot order surgery when Dr. Lorio has not again recommended surgery.

**Findings of Facts and Conclusions of Law**

In this workers' compensation case, Ms. Otey has the burden of proof on all essential elements of her claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). However, Ms. Otey need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an Expedited Hearing. *McCord*

2

*v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this court can determine that she is likely to prevail at a hearing on the merits. *Id.*

Ms. Otey requested the Court the order surgery previously recommended by Dr. Lorio. It is obvious that Dr. Lorio recommended surgery as an option as early as April 2015 and continued that recommendation in March 2016. The parties referenced but did not introduce a Utilization Review decision that apparently denied the surgery. This evidence would have been helpful to the Court in determining the status of Dr. Lorio's recommendation.

In addition, the parties did not introduce Dr. Lorio's April 25, 2016 notes, but Ms. Otey testified Dr. Lorio wanted to review Dr. Salamone's recommendations before he made further recommendations.[3]

In light of the evidence presented during the Expedited Hearing, the Court cannot order the surgery Dr. Lorio recommended in 2015 and March 2016 prior to Dr. Salamone's examination, because in April 2016 Dr. Lorio wanted to review Dr. Salamone's report prior to making further surgical recommendations. However, the Court does order Sears to provide continued reasonable and necessary medical treatment recommended by Dr. Lorio to treat her December 2014 injury.

**IT IS, THEREFORE, ORDERED** as follows:

1. Sears is responsible for reasonable and necessary medical treatment by Dr. Lorio as a result of Ms. Otey's work injury.

2. This matter is set for an Initial (Scheduling) Hearing on June 28, 2016, at 1:30 p.m. Eastern.

**ENTERED this the 20th day of May, 2016.**

**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

---

[3] The parties acknowledged Ms. Otey has not seen Dr. Lorio following Dr. Salamone's examination.

Initial (Scheduling) Hearing:

A Scheduling Hearing has been set with **Judge Brian K. Addington, Court of Workers' Compensation Claims, on June 28, 2016 at 1:30 p.m. You must call 855-543-5044 to participate in the Initial Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2.  File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3.  Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4.  The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5.  The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of

4

the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the Workers' Compensation Judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Affidavit of Elizabeth Otey;
2. Medical records Neuro-Spine Solutions April 2, 2015;
3. Medical records Neuro-Spine Solutions April 30, 2015;
4. Collective Exhibit of Dr. Lorio's records;
5. Richard Salamone, Ph.D. psychological evaluation report.

Technical record:[4]
1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Request for Expedited Hearing; and,
4. Motion to Amend Dispute Certification Notice.[5]

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on May 20, 2016.

| Name | Certified Mail | First Class Mail | Via Email | Service Sent To: |
|---|---|---|---|---|
| D. Beiger, Esq. | | | X | dan@biegerlaw.com |
| C. Brown, Esq. | | | X | chris.brown@leitnerfirm.com |

Penny Shrum, Clerk of the Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

---

[4] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.
[5] Ms. Otey withdrew this Motion at the Expedited Hearing.